| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Middle District of Florida |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an amended filing

# Official Form 401
## Chapter 15 Petition for Recognition of a Foreign Proceeding     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**  Brian C. Abel

**2. Debtor's unique identifier**

For non-individual debtors:
☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __
☐ Other _____. Describe identifier _____.

For individual debtors:
☐ Social Security number: xxx – xx– ____ ____ ____ ____
☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ____ ____ ____ ____
☑ Other  Unknown              . Describe identifier _____.

**3. Name of foreign representative(s)**  James Neill, as trustee in bankruptcy of the Northern Ireland insolvency proceeding of Debtor

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**  High Court of Justice in Northern Ireland, Chancery Division (Bankruptcy)

**5. Nature of the foreign proceeding**

*Check one:*
☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
_____
_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

Debtor　　Brian C. Abel_____　　Case number (*if known*)_____
　　　　　　Name

8. **Others entitled to notice**　　Attach a list containing the names and addresses of:

   (i) all persons or bodies authorized to administer foreign proceedings of the debtor,

   (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

   (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

9. **Addresses**

   **Country where the debtor has the center of its main interests:**

   Northern Ireland, United Kingdom

   **Debtor's registered office:**

   _____
   Number　　Street

   _____
   P.O. Box

   _____
   City　　State/Province/Region　　ZIP/Postal Code

   _____
   Country

   **Individual debtor's habitual residence:**

   2 Woodside Heights
   _____
   Number　　Street

   _____
   P.O. Box

   Londonderry, County Londonderry　BT47 2LQ
   _____
   City　　State/Province/Region　　ZIP/Postal Code

   Northern Ireland, United Kingdom
   _____
   Country

   **Address of foreign representative(s):**

   Jefferson House, 42 Queen Street
   _____
   Number　　Street

   _____
   P.O. Box

   Belfast　　　　　　　　BT1 6HL
   _____
   City　　State/Province/Region　　ZIP/Postal Code

   Northern Ireland, United Kingdom
   _____
   Country

10. **Debtor's website** (URL)　　_____

11. **Type of debtor**

    *Check one:*

    ☐ Non-individual (*check one*):

    　　☐ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    　　☐ Partnership

    　　☐ Other. Specify: _____

    ☑ Individual

Debtor  Brian C. Abel
        Name

Case number (if known) _____

## 12. Why is venue proper in *this* district?

Check one:

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district: _____

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
real property subject to Debtor's alleged fraudulent transfer of assets is located in this District

## 13. Signature of foreign representative(s)

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

X _____           James Neill, as trustee in bankruptcy
Signature of foreign representative    Printed name

Executed on  06 / 05 / 2019
             MM / DD / YYYY

X _____           _____
Signature of foreign representative    Printed name

Executed on  ___ / ___ / _____
             MM / DD / YYYY

## 14. Signature of attorney

X /s/ Matthew J. Vaughn                    Date  06/03/2019
Signature of Attorney for foreign representative    MM / DD / YYYY

Matthew J Vaughn
Printed name

Peterson & Myers, P.A.
Firm name

P.O. Box 24628
Number   Street

Lakeland                                   FL         33802
City                                       State      ZIP Code

(863) 683-6511                             mvaughn@petersonmyers.com
Contact phone                              Email address

0092122                                    FL
Bar number                                 State

Official Form 401   Chapter 15 Petition for Recognition of a Foreign Proceeding   page 3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

In re:

BRIAN C. ABEL                                                      Case No.:
                                                                   Chapter 15
    Debtor in a Foreign Proceeding.

_____/

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN
PROCEEDING PURSUANT TO 11 U.S.C. §§ 1515 AND 1517**

James Neill (the "Foreign Representative"), in his capacity as foreign representative and trustee in bankruptcy of the Northern Ireland insolvency proceedings of debtor, Brian Abel (the "Debtor") and not in his individual capacity, petitions this Court for entry of an order pursuant to § 1517 of the Bankruptcy Code, recognizing as a foreign main proceeding the foreign proceeding currently pending in the High Court of Justice in Northern Ireland, Chancery Division (Bankruptcy) (the "Northern Ireland Bankruptcy Court"), Case Number 17/105835, Court Order CO9233532 (the "Northern Ireland Proceeding"), granting relief pursuant to §§ 1520 and 1521 of the Bankruptcy Code, and granting any additional relief which may be available under Chapter 15 of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

1.    The Foreign Representative files this petition under 11 U.S.C. § 1504 seeking recognition of the Northern Ireland Proceeding as a foreign proceeding, as defined by 11 U.S.C. § 101(23). The Northern Ireland Bankruptcy Court is the administrative body that adjudicates bankruptcies in Northern Ireland, and is therefore a foreign court, as such term is defined by 11 U.S.C. § 1502(3). The Foreign Representative petitions for recognition of the Northern Ireland Proceeding either as a foreign main proceeding, as defined by 11 U.S.C. § 1502(4), or as a

foreign nonmain proceeding, as defined by 11 U.S.C. § 1502(5). In the event this Court determines that the Debtor's center of main interests is not Northern Ireland, the Foreign Representative requests relief under 11 U.S.C. § 1521 and any additional relief available to it under Chapter 15 of the Bankruptcy Code.

2. In the gap period from the filing of this Petition for Recognition until this Court rules on the Petition, the Foreign Representative requests relief under § 1519 of the Bankruptcy Code that is urgent to protect the assets of the Debtor and to protect the interests of the creditors, including a request for the confirmation or extension of relief under §§ 103(a) and 108(a) of the Bankruptcy Code, including the tolling of the statute of limitations regarding an alleged fraudulent transfer of real property located in Davenport, Polk County, Florida from the Debtor to an insider.

3. The Statement of Foreign Representative, as required by § 1515 of the Bankruptcy Code, and the list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of bankruptcy, is attached as **Exhibit "A."**

4. As required by § 1515(b)(2) of the Bankruptcy Code, **Composite Exhibit "B"** sets forth and attaches evidence confirming the existence of the foreign proceeding and the appointment of the Foreign Representative.

5. At all pertinent times, Northern Ireland was under the European Union Regulation on Insolvency Proceedings, which is analogous to Chapter 15 of the United States Bankruptcy Code.

**Jurisdiction and Venue**

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410. This is a core proceeding under 28 U.S.C. §157(b)(2)(p).

**Factual Background**

*a.     The Northern Ireland Proceeding*

7. The Debtor is an individual with his principal residence located in Northern Ireland. To the Foreign Representative's knowledge, the Debtor has not been granted permanent residence in the United States. On October 19, 2017, AIB Group (UK) Plc, a creditor of Debtor, petitioned the Northern Ireland Bankruptcy Court for Debtor to be declared bankrupt under The Insolvency (Northern Ireland) Order 1989, 1989/2405 (N. Ir.) (the "Northern Ireland Code"). As part of the Northern Ireland Proceeding, the Foreign Representative was duly appointed as trustee in bankruptcy of the Debtor's estate pursuant to Northern Ireland Code. On March 16, 2018, the Debtor was adjudged bankrupt. A copy of AIB Group (UK) Plc's bankruptcy petition, the Northern Ireland Bankruptcy Court's order declaring the Debtor bankrupt and the Certificate of Appointment as trustee in bankruptcy by the Department for the Economy (Insolvency Service) are attached in **Composite Exhibit "B."**

8. By virtue of Northern Ireland Code, the Foreign Representative is authorized to appear in this Court as foreign representative of the Northern Ireland Proceeding.

9. In the order declaring the Debtor bankrupt, the Northern Ireland Bankruptcy Court also declared that the Northern Ireland Proceeding was a main proceeding as defined in Article 3 of the European Council Regulation No 1346/2000 on Insolvency Proceedings. The bankruptcy order had also adjudicated the Debtor's address as "2 Woodside Heights,

Londonderry, County Londonderry, BT47 2LQ," which is located within Northern Ireland. To the Foreign Representative's knowledge, this address is the habitual residence of the Debtor. Pursuant to the Foreign Representative's investigation, another possible address of the Debtor is "40 Oakfield Road, Londonderry, BT48 9BB" which is located within Northern Ireland.

10. The known creditors of the Debtor in the Northern Ireland Proceeding are as follows:

    (a)      AIB Group (UK) Plc (£281,420.63)

    (b)      Bank of Ireland (£57,421.01)

    (c)      Bank of Scotland (£8,073.78)

    (d)      Land & Property Services (£5,472.25)

11. Under Northern Ireland insolvency law, any creditor who is owed more than £5,000 by a debtor can petition for the debtor to be adjudicated bankrupt. *The Insolvency (Northern Ireland) Order 1989, 1989/2405 (N. Ir.), Article 238(1)(a) and Article 241*. The petition does not need to list the other creditors. Once the Northern Ireland Bankruptcy Court enters a bankruptcy order, a trustee in bankruptcy is appointed and all creditors must submit a "proof of debt" which sets out their claim in the bankruptcy. The trustee in bankruptcy may then decide to admit or reject those claims.

12. Because the Debtor has been declared bankrupt in the Northern Ireland Proceeding, all of Debtor's property in Northern Ireland automatically vests in the trustee in bankruptcy to be realized for the benefit of the Debtor's creditors.

13. The Foreign Representative requests that the Court open a case under Chapter 15 of the United States Bankruptcy Code to recognize the Northern Ireland Proceeding to conduct an investigation of the Debtor's assets within the United States. Specifically, the Foreign

4

Representative intends to pursue an action for avoidance of a fraudulent transfer of property within this Court's district to an insider for minimal value.

14. To the Foreign Representative's knowledge, there are no other foreign proceedings with respect to the Debtor.

### b. *The Debtor's Florida Property*

15. Prior to the commencement of the Northern Ireland Proceeding, on or about December 14, 2007, the Debtor purchased a residence located at 457 Orange Cosmos Boulevard, Davenport, Polk County, Florida with a legal description as follows:

> Lot 197, WATERSONG PHASE ONE, according to the Plat thereof, as recorded in Plat Book 135, Pages 45 through 52, inclusive, of the Public Records of Polk County, Florida.

(the "Davenport Property"). The Davenport Property sits on approximately 0.19 acres, and has a residence located on it with approximately 3,505 square feet of living area. According to public records, Debtor purchased the Davenport Property for approximately $467,300.00. The Davenport Property does not appear to have been mortgaged and Debtor owned it free and clear. The December 14, 2007 deed (the "2007 Deed") where Debtor purchased the Davenport Property is attached as **Exhibit "C."** The 2007 Deed lists Debtor's address as "Pheasant Lodge, Carrow Reagh, Co. Donegal, UK," which is an address that is actually in the Republic of Ireland.

16. Prior to the Northern Ireland Proceeding, on or about June 16, 2015, the Debtor deeded the Davenport Property to his then girlfriend, Angela McClenaghan (the "Insider"), who is believed to reside in the Northern Ireland, for minimal or no consideration. Pursuant to the public records, the Davenport Property was sold to the Insider for $100.00. The Davenport Property, again, does not appear to be mortgaged, and the Insider currently owns it free and

clear. The June 16, 2015 deed (the "2015 Deed") where the Davenport Property was deeded to the Insider is attached as **Exhibit "D."**

17. To the Foreign Representative's knowledge, the Insider has known/possible addresses as follows: (1) "9 Griffith Park, Londonderry, BT48 8PE, Northern Ireland," and (2) "6 Gollan Heights, Fahan, County Donegal, Republic of Ireland."

18. To the Foreign Representative's knowledge, the Debtor owns no other property in the United States.

### c. *The Foreign Representative's Investigation of Debtor's United States Assets*

19. The Foreign Representative has conducted a preliminary investigation regarding the circumstances surrounding the Debtor's transfer of the Davenport Property to the Insider, and the investigation has led the Foreign Representative to believe that the transaction was a fraudulent transfer under Florida state law and a transaction at an undervalue pursuant to Northern Ireland law under the Northern Ireland Code. *The Insolvency (Northern Ireland) Order 1989, 1989/2405 (N. Ir.), Article 312(3)(c)*.

20. Under the Northern Ireland Code, the Foreign Representative as trustee in bankruptcy is authorized to pursue transactions at an undervalue if the debtor enters into a transaction with a person for a consideration the value of which is significantly less than the value of the consideration provided by the individual. *The Insolvency (Northern Ireland) Order 1989, 1989/2405 (N. Ir.)*. The relevant "look back" period for such a transaction is five (5) years preceding the filing of the bankruptcy proceedings. *Id*.

21. The Foreign Representative is currently aware of no legal proceedings in the U.S. in which the Debtor is a party.

## **RELIEF REQUESTED**

22. Because (a) recognition of the Northern Ireland Proceeding would not be manifestly contrary to public policy under Bankruptcy Code section 1506, (b) the Northern Ireland Proceeding is a foreign proceeding under Bankruptcy Code section 101(23), (c) the Foreign Representative is a "person" pursuant to Bankruptcy Code sections 101(41) and 1517(a)(2), and, (e) the Foreign Representative has complied with all requirements under Bankruptcy Code section 1515, and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure, the Foreign Representative submits that it is entitled to an entry of an order recognizing the Northern Ireland Proceeding as a foreign proceeding under Bankruptcy Code section 1517 and is entitled to appropriate relief.

23. Northern Ireland was adjudicated to be a main proceeding in the Northern Ireland Proceeding, and Northern Ireland appears to be the center of main interests for the Debtor because the original action was commenced in the Northern Ireland Bankruptcy Court, Debtor's address was located within Northern Ireland pursuant to the Northern Ireland Proceeding order located within **Composite Exhibit "B,"** and the Foreign Representative has identified no other property within the United States that Debtor owns. Furthermore, the Foreign Representative submits that Debtor cannot possess the requisite state of mind to make Florida his permanent residence since, to the best of the Foreign Representative's knowledge, Debtor has not obtained permanent residency for immigration purposes. In addition, the Debtor appears to own and/or rent real property within Northern Ireland, and owes a debt to Land & Property Services, which is a Northern Ireland statutory body that collects property rates or taxes, and administers Land Registration in Northern Ireland. In consideration of the commencement of the proceedings in

Northern Ireland, this Court should recognize that the Northern Ireland Proceeding is a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

24. In furtherance of his duties, the Foreign Representative seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, and if necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, substantially in the form of the Proposed Order, attached hereto as **Exhibit "E,"** granting the following relief:

(a) Recognizing the Northern Ireland Proceeding as a foreign main proceeding as defined in Bankruptcy Code section 1502(4) of the Bankruptcy Code and James Neill, in his capacity as foreign representative and trustee in bankruptcy of the Northern Ireland insolvency proceedings of Debtor, as foreign representative;

(b) granting further additional relief as authorized by Bankruptcy Code section 1521, including, without limitation:

(i) staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning the assets, rights, obligations or liabilities of the Debtor to the extent not stayed under Bankruptcy Code section 1520(a);

(ii) staying execution against the assets of the Debtor to the extent not stayed under Bankruptcy Code section 1520(a);

(iii) suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under Bankruptcy Code section 1520(a);

(iv) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor;

(v) entrusting the administration or realization of all or part of the assets of the Debtor within the territorial jurisdiction of the United States to the Foreign Representative;

(vi) entrusting the distribution of all or part of the Debtor's assets located within the United States to the Foreign Representative and finding that the assets of the Debtor are sufficiently protected thereby;

(vii) otherwise granting comity to and giving full force and effect to the Northern Ireland Proceedings; and

(viii) awarding the Foreign Representative such other and further relief as this Court may deem just and proper.

25. In the event that this Court determines that Northern Ireland is not the Debtor's center of main interests, recognition as a foreign nonmain proceeding is appropriate pursuant to 11 U.S.C. § 1517(b)(2). In such event, the Foreign Representative requests an order pursuant to §§ 105(a), 1507, 1517 and 1521 of the Bankruptcy Code, and, if necessary, Rule 65 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, substantially in the form of the Alternative Proposed Order, attached hereto as **Exhibit "F,"** granting the following relief:

(a) Recognizing the Northern Ireland Proceeding as a foreign main proceeding as defined in Bankruptcy Code section 1502(4) of the Bankruptcy Code and James Neill, in his capacity as foreign representative and trustee in bankruptcy of the Northern Ireland insolvency proceedings of Debtor, as foreign representative;

(b) granting further additional relief as authorized by Bankruptcy Code section 1521, including, without limitation:

    (i) staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning the assets, rights, obligations or liabilities of the Debtor;

    (ii) staying execution against the assets of the Debtor;

    (iii) suspending the right to transfer or otherwise dispose of any assets of the Debtor;

    (iv) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor;

    (v) entrusting the administration or realization of all or part of the assets of the Debtor within the territorial jurisdiction of the United States to the Foreign Representative;

    (vi) entrusting the distribution of all or part of the Debtor's assets located within the United States to the Foreign Representative and finding that the assets of the Debtor are sufficiently protected thereby;

    (vii) otherwise granting comity to and giving full force and effect to the Northern Ireland Proceedings; and

    (viii) awarding the Foreign Representative such other and further relief as this Court may deem just and proper.

  (c) Finding that the Court is satisfied that the relief granted hereby relates to assets that, under the law of the United States, should be administered in the Northern Ireland Proceeding.

  26. Under applicable nonbankruptcy law in the State of Florida, pursuant to Florida Statutes section 726.110, the statute of limitations will run on the Foreign Representative's state

law fraudulent transfer claim on June 15, 2019 because the date of the transfer of the Davenport Property from the Debtor to the Insider occurred on June 16, 2015. Whether the Northern Ireland Proceeding is found to be a foreign main proceeding or a foreign nonmain proceeding, pursuant to Bankruptcy Code sections 1519(a) and 1522, the Foreign Representative requests that all statutes of limitations, or other limitations periods, be tolled under Bankruptcy Code sections 103(a) and 108(a) through the date of recognition. *In re Massa Falida do Banco Cruzeiro do Sul SA*, 567 B.R. 212, 228-29 (Bankr. S.D. Fla. 2017) ("Section 108(a) is applicable in Chapter 15 proceedings."). The tolling of the statutes of limitations, or other limitations period, is urgently needed to protect potential assets of the Debtor's bankruptcy estate, and thus is urgently needed to protect the interest of the Debtor's creditors. Furthermore, said tolling relief would assist the Foreign Representative in maintaining the status quo prior to an order of recognition, and prevent the Foreign Representative from being forced to file a prophylactic state court lawsuit prior to the expiration of the limitations period under Florida Statutes section 726.110. *See id*. at 229 (finding that "[f]or purposes of section 108(a), the date of the recognition order is the 'order of relief' in Chapter 15 cases"). This relief is included in the attached forms for the Proposed Order and the Alternative Proposed Order.

## HEARING DATE AND NOTICE

27. The Foreign Representative requests that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time."

## CONCLUSION

WHEREFORE, the Foreign Representative, James Neill, in his capacity as foreign representative and trustee in bankruptcy of the Northern Ireland insolvency proceedings of debtor, Brian Abel, and not in his individual capacity, respectfully petitions this Court to enter an

Order, substantially in the form of the Proposed Order or the Alternative Proposed Order, and such other and further relief as may be just and proper.

Dated this 5th day of **June, 2019**.

Respectfully Submitted,

**PETERSON & MYERS, P.A.**

/s/ Matthew J. Vaughn
Matthew J. Vaughn
Florida Bar No. 0092122
MVaughn@petersonmyers.com
Post Office Box 24628
Lakeland, Florida 33802-4628
Telephone: (863) 683-6511
Facsimile: (863) 904-1335
Local Counsel for the Foreign Representative

### VERIFICATION

I, James Neill, am the appointed Trustee in Bankruptcy for the bankrupt debtor, Brian C. Abel in Northern Ireland. I have read the foregoing Verified Petition for Recognition and the facts and matters alleged and contained within it are true and correct to the best of my information and belief. I make this Verification upon my own personal knowledge of the documents and facts involved.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 5th June, 2019.

By: _____
Name: James Neill, Trustee
HNH Partners, Ltd
Trustee in Bankruptcy of Brian C. Abel